United States District Court
Southern District of Texas

**ENTERED**

February 04, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| LUIS FELIPE FONSECA LUCENA, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-00119 |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| HOMELAND SECURITY, US | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT, and WARDEN RIO | § | |
| GRANDE PROCESSING CENTER, | § | |
|     Defendants. | § | |

### ORDER

Before the Court is Petitioner's Response to the Court's Order for More Information filed "as next friend" by Petitioner's wife Eulis Nairan Ramos de Fonseca, (Dkt. No. 9). Ms. Ramos de Fonseca confirmed that she is Petitioner's wife. (Dkt. No. 9 at 1). Further, she states that Petitioner was unable to file the Petition on his own because he does not speak English and he does not have the financial resources to pay for an attorney. (*Id.* at 2).

Under 28 U.S.C. § 2242, an application for a writ of habeas corpus shall be in writing "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The authority of one person to apply for a writ of habeas corpus for the release of another will be recognized only when the application for the writ establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would be "next-friend." *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978). Inability to understand the English language, particularly in the case of aliens, is an example of the proper use of the "next friend" application. *Id.* at 514 n.4.

Based on the information provided by Petitioner's wife, the Court accepts Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), to proceed "as next friend."

Pursuant to 18 U.S.C. § 3006A, attorney Javier Maldonado is hereby **APPOINTED** to represent Petitioner in connection with his Petition for Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241, (Dkt. No. 1). *See Adeleke v. United States*, 550 F. App'x 237, 239 (5th Cir. 2013) (per curiam) ("A court *may* appoint counsel 'for any financially eligible person who . . . is seeking relief under section 2241 . . . of title 28' when it 'determines that the interests of justice so require.'" (quoting § 3006A(a)(2)(B)). The Court finds that the interests of justice require that Petitioner be appointed counsel, given the nature and complexity of his claims. *Id.*

The Court finds that it is in the interest of justice, judicial economy, and continuity of representation to appoint an attorney who is not a member of the CJA panel to represent Petitioner in this case. *See* 18 U.S.C. § 3006A(a)(2). Accordingly, attorney Javier Maldonado is hereby **ADMITTED** to the Court's Criminal Justice Act panel *pro hac vice* for purposes of this case. Mr. Maldonado shall be compensated in accordance with the Court's Criminal Justice Act Plan.

Mr. Maldonado is **ORDERED** to review Petitioner's pro se petition, (Dkt. No. 1). If he determines a supplemental petition is warranted, Mr. O'Connor shall file it no later than **February 12, 2026, at 12:00 p.m.** The Clerk of Court is **DIRECTED** to serve copies of this Order and Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), to Mr. Maldonado by **electronic mail**, using the following contact information:

> Javier N. Maldonado
> 8620 N. New Braunfels, Suite 605
> San Antonio, TX 78217
> 210-277-1603
> jmaldonado.law@gmail.com

It is so **ORDERED.**

**SIGNED** on February 4, 2026.

_____
John A. Kazen
United States District Judge

2 / 2